IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHERIE DEFFENBAUGH,**           )<br>                                                          )<br>            **Plaintiff,**              )<br>                                                          )<br> **v.**                                               )<br>                                                          )<br> **WINCO FIREWORKS**                  )<br> **INTERNATIONAL, LLC and**    )<br> **RALPH APEL,**                         )<br>                                                          )<br>                                                          )<br>                                                          )<br>            **Defendants.**          )<br>                                                          ) | **CIVIL ACTION**<br><br>**No. 06-2516-CM** |

## MEMORANDUM AND ORDER

Plaintiff Cherie Deffenbaugh brings this action against defendants Winco Fireworks International, LLC and Ralph Apel, alleging defendants violated the Family Medical Leave Act ("FMLA") by terminating her employment and retaliating against her for taking medical leave. Plaintiff also asserts a state common law claim for wrongful discharge in violation of public policy. This matter is before the court on defendants' Motion to Dismiss (Doc. 42), seeking dismissal of plaintiff's common law wrongful discharge claim, and plaintiff's Motion to Certify Question (Doc. 55).

**I.      Motion to Dismiss**

Defendants move to dismiss plaintiff's common law wrongful discharge claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of

recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Plaintiff asserts her wrongful discharge in violation of public policy claim under Kansas common law. Defendants argue that plaintiff's claim should be dismissed because (1) the FMLA provides an adequate remedy for plaintiff's claim and (2) Kansas does not recognize a request for medical leave as one of the public policy bases for asserting a retaliatory discharge claim.

The Tenth Circuit has expressly held that a plaintiff may not bring a common law retaliatory discharge claim under the public policy exception to Kansas' employment-at-will doctrine when there is an adequate statutory remedy. *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997). Plaintiff argues that the FMLA's remedy is inadequate because it does not allow punitive damages or damages for emotional distress.

The Kansas Supreme Court has not addressed whether the FMLA provides an adequate remedy for common law wrongful discharge claims, but it has considered whether a different federal statute provided an adequate remedy for such a claim. *See Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437 (Kan. 2004). In *Hysten*, the court found that the federal statute at issue did not provide an adequate remedy because (1) it provided for substantial differences in the adjudication process—it mandated arbitration, which the Kansas court believes is "far less than ideal"; (2) it limited the claimant's control—the court focused on the narrow standard of review and limited appeal process for arbitration awards; and (3) there were differences in the damages available under

the common law and the federal statute—the plaintiff could not recover compensatory damages for pain and suffering or punitive damages under the federal statute. The court relied on "all of these differences" when it determined that the federal statute did not provide an adequate remedy. *Id.* at 445. During its analysis, the *Hysten* court noted that the unavailability of compensatory and punitive damages was not trivial, as the defendant had argued, because "damages beyond those designed to eliminate purely economic loss and particularly the availability of punitive damages can deter" violations. *Id.* And "[d]eterrence of such conduct is essential." *Id.*

Here, the FMLA does not require arbitration; plaintiff will not be subjected to a different process or limited in his control as the plaintiff in *Hysten*. Thus, the key issue is whether liquidated damages under the FMLA are an adequate remedy. The FMLA provides for liquidated damages in addition to plaintiff's actual economic damages:

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected -
> (A) for damages equal to -
>     (i) the amount of -
>         (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>         (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee;
>     (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and
>     (iii) an *additional* amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that    the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively;

29 U.S.C. 2617(a)(1)(A) (emphasis supplied). Under the FMLA, plaintiff may recover his actual economic loss and an additional reward of liquidated damages if defendants acted in bad faith. Accordingly, liquidated damages under the FMLA serve as a deterrent. *Cf. Thompson v. Comm'r of Internal Revenue*, 866 F.2d 709, 712 (4th Cir. 1989) (recognizing liquidated damages under the Equal Pay Act serve both as a deterrent to ensure compliance with the Act and as compensation); *Bruno v. W. Elec. Co.*, 829 F.2d 957, 966 (10th Cir. 1987) (noting liquidated damages under the ADEA "serve to punish those who engage in willful violations—the same purpose that would be served by providing punitive damages.").

Plaintiff relies on *Hysten* to support its argument that the FMLA does not provide an adequate remedy, but *Hysten* is distinguishable from this case. In *Hysten*, the Kansas Supreme Court held that the absence of compensatory and punitive damages contributed to an inadequate remedy because those damages deterred violations. The federal statute at issue in this case also deters violations. The reasons the Kansas court found the federal statute in *Hysen* inadequate are not present here—the adjudication process under the common law and the FMLA is the same; plaintiff can maintain the same control under both claims; and both claims provide for damages to deter violations. Additionally, prior to the *Hysten* decision, courts in the District of Kansas found that the FMLA provides an adequate remedy for a common law claim of retaliation for FMLA violations. *See Gearhart v. Sears, Roebuck & Co., Inc.*, 27 F. Supp. 2d 1263, 1278 (D. Kan. 1998) (finding a state common law retaliatory discharge claim for filing a request for medical leave was prohibited because the plaintiff had an adequate federal statutory remedy under the FMLA); *Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp. 2d 1150, 1155 (D. Kan. 1998) (dismissing the plaintiff's common law retaliatory discharge in violation of public policy claim because there was an adequate remedy under the FMLA). *Hysten* does not change these prior rulings. After reviewing Kansas law, the court

-4-

finds that plaintiff has an adequate remedy under the FMLA and cannot bring a common law retaliatory discharge claim.

In light of the court's ruling, it need not address whether Kansas recognizes a request for medical leave as one of the public policy bases for asserting a common law retaliatory discharge claim. Defendants' motion to dismiss is granted.

## II.     Plaintiff's Motion to Certify

Plaintiff moves this court to certify the following question to the Kansas Supreme Court pursuant to the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201:

> Whether Kansas law would recognize a claim for wrongful termination in violation of Kansas public policy when that wrongful termination claim arises as a result of a wrongful termination due to an individual invoking his or her rights under the Family Medical Leave Act ("FMLA") given that the FMLA was enacted to address gender equality and other issues that are important, articulated public policies under Kansas law.

Under K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

The decision to certify is within the sound discretion of the court. *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005) (quotation omitted). "'Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'" *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406 (10th Cir. 1988)). The federal courts should decide questions of state law when necessary to render a judgment, unless there exists "some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred." *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138

-5-

F.3d 833, 838 (10th Cir. 1998) (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943)). "Certification is never compelled, even when there is no state law governing an issue." *Boyd Rosene and Assocs., Inc. v. Kan. Mun. Gas*, 178 F.3d 1363, 1364 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).

Because the FMLA provides an adequate remedy for plaintiff's claim and she cannot bring a common law retaliatory discharge claim, the issue presented is not determinative of this action, and thus, it is unnecessary to certify the question to the Kansas Supreme Court. Plaintiff's motion to certify is denied.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 42) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Certify Question (Doc. 55) is denied.

Dated this 18th day of September 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**