IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHERIE DEFFENBAUGH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 06-2516-CM |
| **WINCO FIREWORKS** ) | |
| **INTERNATIONAL, LLC, and** ) | |
| **RALPH APEL,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff brings this action alleging that defendants Winco Fireworks International, LLC and Ralph Apel violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and that she was discharged in violation of Kansas public policy. This case is in the discovery stage of litigation. The magistrate judge assigned to the case, Judge O'Hara, recently issued an order compelling plaintiff to (1) provide her attorneys' fees to date as a part of her Rule 26 damages calculation and to provide all documents concerning plaintiff's damages and damage calculations and (2) provide personal medical information for the period of January 1, 2002 to the present (Doc. 71). Plaintiff filed a motion asking this court to review Judge O'Hara's order (Doc 82).

Motions to compel discovery are nondispositive motions. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment"). The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite

and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court has reviewed Judge O'Hara's order, the relevant law, and the parties' briefs on the original motion to compel and the instant motion. Judge O'Hara thoroughly discussed and applied the appropriate legal guidelines for discovery. His resolution of the issue is reasonable and warranted under the circumstances. Plaintiff offers no valid reason or argument why Judge O'Hara's order is clearly erroneous or contrary to law. The court denies plaintiff's motion.

In their response, defendants seek attorneys' fees incurred in responding to plaintiff's motion. Federal Rules of Civil Procedure 37(b) provides that the court may order sanctions when a party "fails to obey an order to provide or permit discovery." Rule 37(b) further provides that the court must order the disobedient party and/or its attorney to pay the reasonable expenses caused by the party's failure to provide discovery unless the failure was substantially justified. Here, plaintiff exercised her right under Federal Rule of Civil Procedure 72(a) to seek review of the magistrate judge's order before complying with the order. Based on the issues and arguments raised in this case, the court finds that sanctions are unwarranted. Defendants' request is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Amended Motion and Memorandum in Support to Review the Magistrate Judge's October 12, 2007 Order (Doc. 82) is denied.

**IT IS FURTHER ORDERED** that defendant's request for attorneys' fees is denied.

Dated this 7th day of May 2008, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**