IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHERIE DEFFENBAUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 06-2516-CM** |
| **WINCO FIREWORKS** | ) | |
| **INTERNATIONAL, LLC and** | ) | |
| **RALPH APEL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Cherie Deffenbaugh ("plaintiff") brings this action against defendants Winco Fireworks International, LLC and Ralph Apel ("defendants"), alleging defendants violated the Family Medical Leave Act by terminating her employment. This matter is before the court on Plaintiff's Motion and Suggestions in Support of Motion to Strike Defendant's (sic) Reply or in the Alternative Motion for Leave to File a Sur-Reply (Doc. 159).

Plaintiff argues that defendants' reply brief fails to comply with this court's local rules, specifically D. Kan. Rules 56.1(b)(1) and 7.1(e), and improperly raises new arguments. Plaintiff requests that the court strike the Reply or allow plaintiff to file a surreply. For the following reasons, the court finds that it is unnecessary to strike defendants' reply brief. First, defendants' statement of facts presents the parties' arguments regarding each specific fact and does not violate D. Kan. Rule 56.1. Second, although defendants incorporate argument in their statement-of-fact section, they remain within the page limit set forth in D. Kan. Rule 7.1. Excluding the introduction,

the brief is thirty pages. Finally, defendants do not improperly raise new arguments in their reply brief.

The court next considers plaintiff's request to file a surreply. Generally, surreplies are disfavored. *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4239453, at *7 (D. Kan. Nov. 30, 2007). But "a nonmoving party should be given an opportunity to respond to new material raised for the first time in [a reply brief]." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Here, defendants do not improperly raise new arguments in their reply brief; they merely respond to plaintiff's arguments. The court therefore denies plaintiff's request to file a surreply.

Defendants request attorneys' fees under 28 U.S.C. § 1927 for having to oppose plaintiff's motion to strike. Section 1927 provides that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be personally sanctioned and required to pay the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Tenth Circuit has held that under § 1927, "excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). According to the Tenth Circuit, an award should be made under § 1927 "only in instances evidencing a serious and standard disregard for the orderly process of justice." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotations and citations omitted). The Tenth Circuit has emphasized that this is an "extreme standard." *Id.* This extreme standard has not been met here. There is no evidence that plaintiff's counsel acted intentionally or recklessly in disregarding any duties owed to the court. Thus, although the court

appreciates defendants' concern regarding frivolous issues being raised, at this stage of the proceedings, the court does not believe attorneys' fees are warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Suggestions in Support of Motion to Strike Defendant's (sic) Reply or in the Alternative Motion for Leave to File a Sur-Reply (Doc. 159) is denied.

**IT IS FURTHER ORDERED** that defendants' request for attorneys' fees is denied.

Dated this 11th day of March 2009, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**